**UMMONS - CIVIL**
)-CV-1   Rev. 2-20
G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
B. §§ 3-1 through 3-21, 8-1, 10-13

istructions are on page 2.

| For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA. | STATE OF CONNECTICUT **SUPERIOR COURT** www.jud.ct.gov |



] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

] Select if claiming other relief in addition to, or in place of, money or damages.

**O: Any proper officer**
y authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| idress of court clerk (Number, street, town and zip code) | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 35 CHURCH STREET NEW HAVEN CT 06511 | ( 203 ) 503 – 6800 | 12/21/2021 |

| ] Judicial District    G.A. | At (City/Town) | Case type code (See list on page 2) |
|---|---|---|
| ] Housing Session   ☐ Number: | NEW HAVEN | Major: T   Minor: 90 |

or the plaintiff(s) enter the appearance of:

| me and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (if attorney or law firm) |
|---|---|
| 'ELIA GILLOOLY DEPALMA LLC 700 STATE ST NEW HAVEN CT 06511 | 434576 |

| lephone number | Signature of plaintiff (if self-represented) |
|---|---|
| 203 ) 891 – 5310 | |

| ie attorney or law firm appearing for the plaintiff, or the plaintiff if lf-represented, agrees to accept papers (service) electronically this case under Section 10-13 of the Connecticut Practice Book. ☒ Yes ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed) john@dgdlawct.com |

| Parties | Name (Last, First, Middle Initial) and address of each party (Number; street; P.O. Box; town; state; zip; country, if not USA) | |
|---|---|---|
| First plaintiff | Name: KELLEY, MICHAEL<br>Address: 66 RIDGETOP ROAD, WALLINGFORD CT 06492 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name: LIEBHERR-AMERICA, INC. d/b/a LIEBHERR USA CO. , 4800 Chestnut Ave, Newport News VA 23607 c/o<br>Address: AGENT FOR SERVICE:   Thomas G Johnson, Jr. Wilcox & avage, 440 Monticello Ave,St2200 Norfolk VA | D-01 |
| Additional defendant | Name: 23510<br>Address: | D-02 |
| Additional defendant | Name:<br>Address: | D-03 |
| Additional defendant | Name:<br>Address: | D-04 |

| tal number of plaintiffs: 1 | Total number of defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |

**otice to each defendant**

You are being sued. This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
If you have questions about the summons and complaint, you should talk to an attorney.
**The court staff is not allowed to give advice on legal matters.**

| le /04/2021 | Signed (Sign and select proper box) [signature] | ☒ Commissioner of Superior Court<br>☐ Clerk | Name of person signing JOHN J. D'ELIA |
|---|---|---|---|

| his summons is signed by a Clerk: | For Court Use Only |
|---|---|
| The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

| ertify I have read and derstand the above: | Signed (Self-represented plaintiff) | Date | Docket Number |
|---|---|---|---|

| | |
|---|---|
| RETURN DATE: DECEMBER 21, 2021 | SUPERIOR COURT |
| MICHAEL KELLEY | J.D. OF NEW HAVEN |
| VS. | AT NEW HAVEN |
| LIEBHERR-AMERICA, INC. d/b/a LIEBHERR USA, CO. | NOVEMBER 4, 2021 |

## COMPLAINT

1. At all times relevant to the complaint, the plaintiff, Michael Kelley, was engaged in his employment for Skanska USA Civil Northeast, Inc. at the Naval Submarine Base New London on property of general location g known as the northeast side of the Dynamic, Inc. at SYAB yard in Groton, Connecticut.

2. At all times relevant to the complaint, Liebherr-America, Inc. d/b/a Liebherr USA Co. was a foreign corporation organized and existing in the State of Virginia, engaged in the business of manufacturing, sales and service of hydraulic machinery, and authorized to conduct business in the State of Connecticut.

3. On January 6, 2020 at approximately 4:30 p.m., the plaintiff ascended an eight foot ladder while working on a drill rig, and in so doing, he was required to hold a large hose and valve box to perform work duties.

4. At said time and place, an employee of the defendant, Liebherr-America, Inc. d/b/a Liebherr USA Co., was required to stand at a higher point on the same ladder securing the hose so plaintiff could perform work duties.

5. At said time and place, the agent, servant and/or employee of the defendant, failed to hold the hose the plaintiff was working on securely, and let go of said hose, causing the plaintiff to fall from the ladder resulting in the injuries and damages hereinafter set forth.

6. The plaintiffs' injuries and losses were proximately caused by the carelessness and negligence of the defendant, Liebherr-America, Inc. d/b/a Liebherr USA Co., its agents, servants and/or employees, in one or more of the following ways:

(a) in that they caused, allowed and/or permitted workers to work with said hose without being trained by a competent person on the hazards of working with said equipment and the procedure to control such hazards

(b) in that they failed to have workers' involved in the use of the hose trained by a competent persont to recognize the hazards associated with the work in question;

(c) in that they failed to train and/or supervise employees in the proper manner in which to prevent the full weight of the hose to fall on other workers;

(d) in that they failed to take or cause to taken effective measures which would have prevented the loss of control of said hose;

(e) in that they failed to provide signs, barriers or other warnings of the safety of said hose to lawful users of the same;

(f) in that they failed to make a reasonable and proper inspection;

(g) in that they failed to warn the plaintiff of the aforesaid conditions;

(h) in that they failure to obtain satisfactory performance from their employees with regard to maintaining and/or providing a safe job site and/or equipment to the plaintiff;

7. As a result of the carelessness and negligence of the defendant, its agents, servants and/or employees, the plaintiff sustained injuries to his back, an aggravation of a pre-existing condition of his back, bilateral ankles, neck, right shoulder, right hip, right knee and bilateral hands, from all of which injuries the plaintiff sustained pain and suffering and for which injuries may be permanent in nature.

8. As a further result of said incident, the plaintiff has incurred medical bills for medical treatment for said injuries and may incur additional bills in the future.

9. As a further result of said incident, the plaintiff was unable to work due to his injuries, and has suffered a loss of wages and loss of earning capacity.

Wherefore, the plaintiff claims:

1) Money damages.

THE PLAINTIFF,

BY:_____
JOHN J. D'ELIA
D'ELIA GILLOOLY DEPALMA LLC

| | |
|---|---|
| RETURN DATE: DECEMBER 21, 2021 | SUPERIOR COURT |
| MICHAEL KELLEY | J.D. OF NEW HAVEN |
| VS. | AT NEW HAVEN |
| LIEBHERR -AMERICA, INC. d/b/a LIEBHERR USA, CO. | NOVEMBER 4, 2021 |

## STATEMENT IN DEMAND

The plaintiff is seeking an amount in excess of FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of interest and costs.

THE PLAINTIFF,

BY: _____
JOHN J. D'ELIA
D'ELIA GILLOOLY DEPALMA LLC